**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EUGENIA BROWN,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant-Appellee.

No.    18-16133

D.C. No. 1:17-cv-00950-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Submitted October 14, 2021[**]

Before:  THOMAS, Chief Judge, HAWKINS and MCKEOWN, Circuit Judges.

Eugenia Brown appeals the district court's affirmance of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2016), and we affirm.

Before the district court, Brown failed to raise and therefore waived any challenge to the ALJ's findings that her symptom testimony was unsupported by and inconsistent with the record, inconsistent with her conservative treatment, and inconsistent with her activities. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006) (an argument not raised before the district court is waived on appeal). Any error in the ALJ's finding that Brown was noncompliant with diet, exercise, and medication was harmless. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (error is harmless where it is inconsequential to the ultimate nondisability determination).

Brown also waived any challenge to the ALJ's determination that portions of Dr. Ying Luo's opinions were entitled to no weight because they were unsupported by the record, inconsistent with Brown's activities, and inconsistent with Brown's conservative treatment. *See Warre*, 439 F.3d at 1007.

The ALJ did not err in evaluating the medical record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (this court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence" (citation and internal quotation marks omitted)). We reject as unsupported by the record Brown's claim that the ALJ failed to consider her mental impairments, fibromyalgia, alleged inability to grip, and chronic obstructive pulmonary disease

18-16133

("COPD").

Substantial evidence supports the ALJ's findings, at Step Two, that Brown's mental impairments, fibromyalgia, and carpal tunnel were not severe. *See id.* The record does not support Brown's contention that the ALJ failed to apply the special technique for mental impairments set out in 20 C.F.R. § 404.1520a.

Substantial evidence also supports the ALJ's Step Three finding that Brown did not have an impairment or combination of impairments that met or equaled a listed impairment, and the ALJ did not err by not discussing the combined effects of Brown's impairments. *See Ford*, 950 F.3d at 1157 ("[A]n ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." (citation and internal quotation marks omitted)).

The ALJ did not err in formulating Brown's residual functional capacity ("RFC") or in determining, at Step Five, that jobs existed in significant numbers in the national economy that Brown could perform. Brown's arguments concerning the RFC and the ALJ's Step Five finding repeat her allegations that the ALJ erred in evaluating the medical evidence. Because Brown did not show error in the earlier analysis, these arguments lack support. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Brown's motion for judicial notice (Docket Entry No. 7) is denied.

18-16133

Brown's request for oral argument, included in her opening brief, is denied as moot.

**AFFIRMED.**